IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| RICHARD REID, | ) | |
|---|---|---|
| | ) | |
| Movant/Defendant, | ) | |
| | ) | Crim. No. 06-08-SLR |
| v. | ) | Civ. No. 09-638-SLR |
| | ) | |
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 19th day of August, 2013, having reviewed the above captioned case;

IT IS ORDERED that movant Richard Reid's ("movant") motion asking the court to reconsider its denial of his Rule 60(b) motion (D.I. 102) is **DENIED**, for the reasons that follow:

**1. Background.** Following a two-day bench trial in May 2007, movant was convicted on counts I-XI of a superseding indictment. (D.I. 57) On September 4, 2007, the court sentenced him to a total of 300 months imprisonment. (D.I. 63) The Court of Appeals for the Third Circuit affirmed movant's conviction on October 30, 2008. (D.I. 73)

2. Movant filed a timely motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.I. 74), and then filed an amended § 2255 motion (D.I. 80). The government filed an answer in opposition. (D.I. 83)

3. The court denied movant's § 2255 motion in a memorandum opinion and order dated June 28, 2012. (D.I. 94; D.I. 95) Movant filed a notice of appeal from that

decision on July 11, 2012. (D.I. 96)

4. Movant filed a Rule 60(b) motion on September 17, 2012. (D.I. 97) It appears that movant simultaneously filed in the Third Circuit a motion to stay his appeal. *See United States v. Reid*, No. 12-2973, Order (3d Cir. Oct. 4, 2012). The Third Circuit construed the motion to stay as a motion for an extension of time to file an application for a certificate of appealability, and granted the extension of time. *Id.*

5. The government filed a response in opposition to movant's Rule 60(b) motion, alleging that the court should deny it as a second or successive § 2255 motion. (D.I. 100)

6. The court denied movant's Rule 60(b) motion on June 20, 2013. (D.I. 101) On July 9, 2013 movant filed the instant motion for reconsideration challenging that decision. (D.I. 102)

7. **Standard of Review.** A motion for reconsideration may be filed pursuant Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). Although motions for reconsideration under Rule 59(e) and Rule 60(b) serve similar functions, each has a particular purpose. *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003).

8. For instance, Rule 59(e) is "a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." *Fiorelli*, 337 F.3d at 288. The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error

of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion filed pursuant to Rule 59(e) must be filed no later than twenty-eight days after the entry of the judgment. Fed. R. Civ. P. 59(e).

9. In contrast, "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). A court may grant a Rule 60(b) motion only in extraordinary circumstances,[1] and a Rule 60(b) motion is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

10. **Discussion**. Movant does not indicate whether he has filed the instant motion for reconsideration under Rule 59(e) or Rule 60(b). However, the court construes the motion to be filed pursuant to Rule 59(e), because it was filed well within the twenty-eight day period provided for in Rule 59(e). *See, e.g., Holsworth v. Berg*, 322 F. App'x 143, 146 (3d Cir. 2009); *Ranklin v. Heckler*, 761 F.2d 936, 942 (3d Cir. 1985) ("Regardless of how it is styled, a motion filed within ten days of entry of judgment questioning the correctness of judgment may be treated as a motion to amend or alter the judgment under Rule 59(e).").

11. In his Rule 59(e) motion, movant asserts that the court mistakenly construed his first Rule 60(b) to be a second or successive § 2255 motion. As such, he asks the court to reconsider its denial of the Rule 60(b) motion, and requests permission to file a

---

[1]*Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

memorandum in support of that motion.

12. The court is not persuaded. To begin, the court disagrees with movant's assertion that it erroneously denied the first Rule 60(b) as a second or successive § 2255 motion. Moreover, movant fails to acknowledge the court alternatively treated his first motion as a true Rule 60(b) motion, and denied it only after determining that his arguments failed to demonstrate the type of extraordinary circumstances warranting the reopening of his § 2255 motion. *Id.* In these circumstances, movant has failed to satisfy the requirements of Rule 59(e). Accordingly, the court concludes that the instant motion does not warrant reconsideration of its denial of movant's Rule 60(b) motion.

13. To the extent one may be necessary, the court declines to issue a certificate of appealability because petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011).

IT IS FURTHER ORDERED that the clerk of the court shall close the case.

_____
UNITED STATES DISTRICT JUDGE